### Nettie C. Hughes v. A. S. Clark.

1. BANKRUPTCY—*Will Not Defeat a Recovery by Party Not Made a Party to the Proceedings.*—A discharge in bankruptcy will not preclude a recovery by a creditor who, it does not appear, was a party to the bankruptcy proceedings, or had notice of the same, and whose name was not in the schedule, or list of creditors.

2. EVIDENCE—*Ledgers as Books of Account.*— Ledgers are admissible in evidence where the day-book of original entries is also introduced.

Assumpsit.—Error to the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

WALTER EDEN, attorney for plaintiff in error.

E. J. MILLER and JOHN R. FITZGERALD, attorneys for defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by the defendant in error to recover against the plaintiff in error, as wife, for the expenses of the family. The verdict and judgment was for $130.72, and to reverse the latter this writ of error is prosecuted, it having been argued the court admitted improper evidence, gave wrong instructions, and that the verdict is not supported by the evidence.

Defendant in error kept a store of general merchandise in a village in which was kept for sale such goods only as were generally sold to families in the neighborhood for their ordinary supplies. The husband of plaintiff in error

sometimes obtained from the defendant in error coupons or trade-books, and was charged with them, and he procured the goods afterward upon surrender of the coupons, and at other times the goods were purchased directly, without the use of coupons, when they would be charged in the usual way of merchants selling upon credit. There is no doubt from all the evidence all the goods purchased were family expenses. There was no error in the admission of the books of account nor the husband's testimony. The husband was a competent witness. The discharge in bankruptcy of the plaintiff in error was pleaded and introduced in evidence, and it is insisted that this alone should defeat a recovery. It does not appear defendant in error was a party to the bankruptcy proceedings, or had notice of the same. It was proved by oral testimony that his name was not in the schedule, or list of creditors, and it is urged that it was error to admit such oral proof. We think, however, there was no error in such ruling of the court, as the evidence was negative merely, and it was unnecessary to offer voluminous records, merely to prove that defendant in error was not named therein. It is not seriously contended that he was in fact listed as a creditor to whom notice was due or given. The verdict is supported by the evidence and there were no prejudicial rulings of the court upon the evidence, nor in the instructions to the jury. The motion to tax the cost of the additional abstract to the plaintiff in error will be denied.

The judgment of the Circuit Court will be affirmed.